UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ANGELO LOPES,                            :    20cv314(DLC)
                                         :
                     Plaintiff,          :    ORDER
          -v-                            :
                                         :
JLM DECORATING NYC INC., COSMOPOLITAN    :
INTERIOR NY CORPORATION, CITY VIEW       :
BLINDS OF N.Y. INC., MOSHE GOLD, JOEL    :
GOLD a/k/a SAM GOLD a/k/a SHIMMY GOLD,   :
and MARITZA RODRIGUEZ a/k/a MARITZA      :
SIME,                                    :
                                         :
                     Defendants.         :
                                         :
---------------------------------------- X

DENISE COTE, District Judge:

On January 13, 2020, Angelo Lopes ("Lopes") filed this action against the defendants for violating his rights under § 215 of the New York Labor Law ("NYLL"). On April 30, 2021, following the conclusion of discovery, the defendants filed a motion for summary judgment. The motion became fully submitted on June 21.

A motion for summary judgment may not be granted unless all of the submissions taken together "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the

suit under the governing law." Frost v. New York City Police Dep't, 980 F.3d 231, 242 (2d Cir. 2020) (citation omitted). In making this determination, the court "constru[es] the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences and resolv[es] all ambiguities in its favor." Jaffer v. Hirji, 887 F.3d 111, 114 (2d Cir. 2018) (citation omitted).

"Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." Robinson v. Concentra Health Servs., Inc., 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted). The nonmoving party may rely neither "on conclusory statements", CIT Bank N.A. v. Schiffman, 948 F.3d 529, 532 (2d Cir. 2020) (citation omitted), nor on "mere speculation or conjecture as to the true nature of the facts." Fed. Trade Comm'n v. Moses, 913 F.3d 297, 305 (2d Cir. 2019) (citation omitted).

Section 215 of the NYLL provides that no employer

> shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of [the NYLL].

2

N.Y. Lab. Law § 215 (McKinney). See also Schmidt-Sarosi v. Offs. for Fertility & Reprod. Med., P.C., No. 13921, 2021 WL 2323786, at *2 (N.Y. App. Div. June 8, 2021).

Lopes testified in his deposition that he repeatedly complained to the defendants that the defendants were violating multiple New York laws governing the distribution of wage statements and pay stubs. He asserts that within months of his complaints regarding these violations of law, the defendants cut his pay and then terminated his employment. Issues of material fact exist regarding Lopes' complaints to the defendants and the role of any such complaints in the defendants' subsequent actions. Accordingly, it is hereby

ORDERED that the defendants' April 30 motion for summary judgment is denied.

Dated: New York, New York
June 22, 2021

_____
DENISE COTE
United States District Judge

3